UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

ABIGAIL HERNANDEZ ARELLANO,

                Petitioner,

v.                                                                                          Case No. _____

MERRICK B. GARLAND, Attorney General of the United States,
ALEJANDRO MAYORKAS, Secretary,                       Agency No. Axxx-xx8-660
U.S. Department of Homeland Security,
THOMAS E. FEELEY, Director of the Buffalo Field Office
of U.S. Immigration and Customs Enforcement,
PATRICK A RUSSO, Sheriff, Rensselaer County Jail,
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, and
UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT

                Respondents.

_____

**PETITION FOR WRIT OF HABEAS CORPUS**

**PETITION FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 USC § 2241**

The Petitioner respectfully petitions this Honorable Court for a Writ of Habeas Corpus to remedy Petitioner's unlawful detention by Respondents, as follows:

**INTRODUCTION**

1. Petitioner Abigail Hernandez Arellano ("Petitioner" or "Ms. Hernandez") is a 24 year old female citizen of Mexico who has lived in the United States with her mother since age 4. She suffers from a severe Intellectual Disability with a very low IQ of 57.

2. Petitioner has been detained in the custody of the U.S Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE") since June 27, 2018 pending her removal proceedings. ICE has denied the Petitioner's numerous requests for bond and for parole release to her family. Her prolonged, indefinite, ongoing detention is unconstitutional and is subjecting her to serious immediate and future emotional, psychological and social harm.

3. Petitioner is not a flight risk or a danger to the community. Her prolonged pre-final order of removal detention is no longer justified under the Constitution nor the Immigration and Nationality Act ("INA"). *See Jennings v Rodriguez*, 138 S. Ct. 830, 858-59 (2018) (leaving the door open for Constitutional claims challenging the prolonged detention of immigrant detainees pre-final order of removal).

4. Petitioner was placed in U.S. Immigration Court Removal Proceedings by a Notice to Appear dated February 21, 2018 and charged as an alien present in the United States without admission or parole, or who arrived in the United States at any time or place other than as designated by the Attorney General, pursuant to 8 U.S.C. Section 1182(a)(6)(A)(i).

1

5. Petitioner sought relief from removal through asylum (8 U.S.C. Section 1158), withholding of removal (8 U.S.C. Section 1231(b)(3)) and under the Convention Against Torture (8 C.F.R. Section 1208.16 to .18).

6. The Petitioner's claims for protection were denied by an Immigration Judge on November 2, 2018. An administrative appeal to the Board of Immigration Appeals was denied on April 30, 2019.

7. The Petitioner timely filed a Petition for Review in the Second Circuit Court of Appeals.

8. The Second Circuit Court also granted an Order for a Stay of Removal of the Petitioner on May 13, 2019.

9. By Summary Order dated June 22, 2021 (Case No. 19-2395), the Second Circuit Court granted Petitioner's Petition for Review, vacated the BIA denial and remanded the case for further proceedings. The Petitioner is continuing her applications for relief in ongoing Removal Proceedings.

10. Petitioner's prolonged detention of more than three (3) years is in violation of the Due Process Clause of the Fifth Amendment. Her prolonged detention is no longer justified under the Constitution or the INA. Petitioner seeks an order from the Court finding that her continued and prolonged detention is unlawful and ordering Respondents to release Petitioner from their custody immediately, or in the alternative, under an Order of Supervision.

## JURISDICTION AND VENUE

11. The Petitioner continues to be held by ICE in the Rensselaer County Jail at 4000 Main Street, Troy, New York.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 (power to grant habeas corpus), Article One, Section 9, Clause 2 of the U.S. Constitution (suspension clause) and 28 USC § 1331

(federal question jurisdiction), as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws or treaties of the United States.  The Court may grant relief pursuant to 28 USC § 2241, 4 USC § 702 and the All Writs Act, 28 USC § 1651.

13. Federal district courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the lawfulness or constitutionality of their detention by ICE. *Demore v Kim*, 538 US 510, 516-17 (2003).

14. Venue is proper because the bond and removal proceedings were held within the district at the Immigration Court located in Batavia, New York. For the majority of her detention, the Petitioner was held at the Buffalo Federal Detention Facility in Batavia, NY. The Petitioner was temporarily moved by ICE to Rensselaer County Jail in Troy, NY in February or March 2021, where she continues to be held. Upon information and belief, at all times, Rensselaer County Jail contracts with the DHS to detain aliens such as Petitioner.

15. A previous Petition for Habeas Corpus was filed under Case No. 6:18 - cv – 06625. On July 26, 2019, Judge Telesca found that the Petitioner was wrongfully detained from July 13, 2018 through July 26, 2019 and granted a portion of relief by ordering a new bond hearing to be held in U.S. Immigration Court.  That Writ did not order the Petitioner's release and did not involve U.S. Immigration Customs Enforcement.

16. The Summary Order issued by the Second Circuit Court of Appeals of June 22, 2021 granted the petition for review, vacated the BIA's decision and remanded the case to the Immigration Court located in Batavia, New York for further proceedings.

## PARTIES

17. The Respondent, Merrick B. Garland, is the Attorney General of the United States.  He is responsible for the implementation and enforcement of the Immigration & Nationality Act (INA)

and oversees the Executive Office for Immigration Review (EOIR), which is comprised of the Office of the Immigration Judge and the Board of Immigration Appeals (BIA or "Board"), the offices which initially denied the Petitioner's relief from removal through asylum, withholding of removal and under the Convention Against Torture.

18. The Respondent, Alejandro Mayorkas, is the Secretary of the U.S. Department of Homeland Security, wherein he manages U.S. Immigration Customs Enforcement ("ICE") and is charged with the administration and enforcement of the Immigration and Nationality Act, except insofar as such sections of law have been conferred upon the Attorney General, or have otherwise been delegated by the Attorney General. Mr. Mayorkas has ultimate custodial authority over Petitioner.

19. The Respondent, Thomas E. Feeley, is the Director of the Buffalo, NY Field Office of ICE and has authority to parole and/or release the Petitioner on appropriate terms and conditions.

20. The Respondent, Patrick A. Russo, is the Sheriff of Rennselaer County and controls the Rennselaer County Jail.  Respondent is Petitioner's immediate custodian and resides in the judicial district of the United States Court for the Northern District of New York.  He is named in his official capacity.  Respondent's address is 1600 7th Avenue, Troy, New York 12180.

21. The Department of Homeland Security (DHS) is a federal agency charged with administering statutes and regulations governing immigration pursuant to 6 USC §§ 111-115.

22. The United States Immigration and Customs Enforcement is a federal sub-agency under DHS responsible for the administration and enforcement of the United States' immigration laws pursuant to 22 CFR 127.4.

## EXHAUSTION OF REMEDIES

23.     There is no statutory requirement of exhaustion of administrative remedies where a noncitizen challenges the lawfulness of his detention.  See, *Louisaire v Muller*, 758 F Supp 2d 229, 234 (SDNY, 2010); *Garcia v Shanahan*, 615 F Supp 2d 175 (SDNY 2009).  Any requirement of administrative exhaustion is therefore purely discretionary.

24.     Further, "the BIA [Board of Immigration Appeals] does not have jurisdiction to adjudicate constitutional issues …" (quotations and citation omitted).  *United States v Gonzalez-Roque*, 301 F 3d 39,48 (2d Cir. 2002).  Because Petitioner raises a constitutional due process claim in her habeas petition, exhaustion of her due process claims would be futile.

## STATEMENT OF FACTS

**Intellectual Disability**

25.     Petitioner is a 24 year old intellectually disabled woman from Mexico who has lived with her mother and step-father in the United States since about the age of 4.

26.     In June 2004, the Petitioner was diagnosed with a Developmental Language Disorder. At age 7 ½, her speech and language skills appeared at the 3 years level. Her adaptive, social/emotional functioning and cognitive functioning fell significantly below the average range and was suggestive of mental retardation. Annexed as Exhibit A is Petitioner's Psychological Evaluation performed by the Rochester City School District, dated December 13, 2016.  See Exhibit A, page 1.

27.     In April 2009, the Petitioner's classification was changed by the Rochester Committee on Special Education to "Intellectually Disabled" due to pervasive delays. She was placed in a special education program for three years, which was extended for another three years.  See Exhibit A, page 2.

28. The Petitioner had several cognitive and behavioral measures tested since 2006. She scored a 57 Full Scale score on the Wechsler Intelligence Scale IV-Spanish in 2006 and 57 again in the Wechsler Adult Intelligence Scale in 2016. See Exhibit A, pages 2 and 3. Both of those scores placed her in the lowest IQ classification, as even the range of 70-75 indicates a significant limitation in intellectual functioning. See Exhibit A, page 3.

29. Petitioner's Psychological Evaluation report revealed that her 2016 Composite test results placed her "potential well below the average range and correlate to her previous cognitive measures." See Exhibit A, page 3. Her Adaptive Behavior "(c)omposite places her well below the average range. Her abilities in the Communication domain and Daily Living Skills domain place her at the low end of low average. Her socialization skills fall well below the average range." See Exhibit A, page 5. The Report concluded that Petitioner "will continue to need support from outside agencies when she leaves school." See Exhibit A, page 6.

30. The Respondents have ignored or misunderstood the difference between mental illness and Intellectual Disability. Mental illness generally can be treated and improved with drugs and/or medical help. The Petitioner does not suffer from any mental illness. Her Intellectual Disability is a permanent condition.

**Immigration Status**

31. The Petitioner applied for and received Deferred Action for Childhood Arrivals ("DACA") status on November 15, 2016. Her DACA status was terminated by USDHS effective February 21, 2018.

32. Petitioner was placed in U.S. Immigration Court Removal Proceedings by a Notice to Appear dated February 21, 2018 and charged as an alien present in the United States without admission or parole, or who arrived in the United States at any time or place other than as designated by the Attorney General, pursuant to 8 U.S.C. Section 1182(a)(6)(A)(i).

33.     Petitioner sought relief from removal through asylum (8 U.S.C. Section 1158), withholding of removal (8 U.S.C. Section 1231(b)(3)) and under the Convention Against Torture (8 C.F.R. Section 1208.16 to .18).

34.     The Petitioner applied for asylum and withholding of removal to Mexico, arguing that her severe Intellectual Disability and lack of family protection would subject her to detention or indefinite institutionalization, putting her life or freedom at risk.

35.     The Petitioner submitted uncontroverted objective evidence which established that Mexicans with mental illnesses and intellectual disabilities were subjected to indefinite periods of institutionalization in atrocious and abusive conditions, physical abuse, and even forced sterilizations, if they did not have families to live with and who could provide all their needed support and protection, and that this was a systemic, ongoing practice throughout Mexico.

36.     The Petitioner's claims for protection were denied by an Immigration Judge. An administrative appeal to the Board of Immigration Appeals was denied.

37.     The Petitioner timely filed a Petition for Review at which time the Second Circuit Court granted an Order for a Stay of Removal of the Petitioner.  On June 22, 2021, the Second Circuit Court of Appeals issued a Summary Order granting the petition for review, vacating the BIA's decision and remanding the case for further proceedings because the agency misconstrued material evidence in denying asylum and withholding of removal.   Annexed as Exhibit B is a copy of the Summary Order issued by the Second Circuit Court of Appeals, dated June 22, 2021, case no. 19-1395.

**Criminal Disposition**

38.     On February 20, 2018, the Petitioner was arrested and charged with Making a Terroristic Threat under New York Penal Law 490.20.

39. On June 27, 2018, the Petitioner pled guilty to a single count of Falsely Reporting an Incident under New York Penal Law 240.50, which is an A Misdemeanor.

40. The Petitioner's Presentence Investigation Report noted that: "By all accounts defendant suffers from a significant intellectual disability and functions significantly below her chronological age." "She lives at home under the supervision and care of her mother and stepfather, as dictated by her disability." "The defendant is heavily dependent on her parents, and appears unable to live on her own." Annexed as Exhibit C is a copy of the Presentence Investigation Report, dated July 18, 2018. See Exhibit C, page 11.

41. The Petitioner was sentenced to three years of probation. See Exhibit C, page 11. The Judge, the Prosecutor and the Probation Officer all agreed that Ms. Hernandez should be not be sentenced to jail and that she could return to her family.

**Immigration Detention**

42. ICE immediately arrested and detained Ms. Hernandez. Her detention has continued since that day, June 27, 2018, a period of more than three years.

43. The Petitioner was granted a new bond hearing in Immigration Court on August 5, 2019. The Immigration Court Judge denied her release on bond, by Decision and Order dated August 11, 2019. An appeal to the Board of Immigration Appeals was dismissed.

44. As time went on and circumstances changed, such as the explosion of COVID-19 at the ICE detention facility in Batavia, the Petitioner made several requests for release on bond or parole to ICE. Each request was denied.

45. At some time in February 2021, based on the direction of agents of ICE, housing of the Petitioner was transferred from the Batavia Detention Facility to the Rensselaer County Jail.

46. In a February 18, 2021 Memorandum from Acting ICE Director Tae Johnson, ICE announced the new ICE Civil Immigration Enforcement and Removal Priorities ("2021 Johnson

Memo"). The Petitioner did not fit under any of those priorities. Annexed as Exhibit D is a copy of the 2021 Johnson Memo.

47. On March 10, 2021, the Petitioner filed a request for release to ICE, with new evidence and argument based in part on the 2021 Johnson Memo. A copy of her request is attached as Exhibit E.

48. ICE Field Director Feeley denied that request on March 12, 2021. No reasons were given and no responses were made to the new evidence. A copy of his cut and paste denial is attached as Exhibit F. ("ICE Denial").

49. Immediately following receipt of the Summary Order granted by the Second Circuit Court of Appeals on June 22, 2021, counsel for Petitioner again made a request for Petitioner's release on bond or parole to ICE. That request was denied again, without new reasons or explanation, despite the absolute change of circumstances from the Petitioner being under a final order of removal to a person with legal forms of relief from removal. A copy of that denial, dated June 24, 2021 and mailed July 2, 2021, is attached as Exhibit G.

50. There is no other conclusion that can be reached other that the Respondents will never release the Petitioner from their detention, thus imposing a life sentence upon the Petitioner for making a false report that she did not and was incapable of carrying out.

**Family and Community Support**

51. Ms. Hernandez has requested to be returned to her stable family home. Her step-father is an immigrant who has become a naturalized citizen. He has stable employment and is well-thought of by his peers. He owns the home where Ms. Hernandez lived prior to her detention. Evidence of these facts was provided to ICE and is included as Exhibit H.

52. The Petitioner's mother is married to her U.S. citizen husband. She has a path for the

U.S. green card, but is afraid to act because of her fear of ICE's use of punitive and indefinite detention against her, which would further decimate her family.

53. The Petitioner has established overwhelming, consistent and continuing community support in her Rochester home. That evidence has been provided to ICE and ignored. Samples of that extensive support are attached as Exhibit I.

54. The community support included promises to continue to provide the Petitioner with developmental support through the New York State Office for Persons with Developmental Disabilities (see Rosner letter in Exhibit I) and Access VR – Vocational Rehabilitation (see Bloom letter in Exhibit I).

**Irreparable Harm**

55. The Petitioner's indefinite detention continues in ever worsening conditions and with noticeable deterioration in her mood and overall well-being, having been moved out of the ICE detention facility twice and having been held in a county jail for the past several months.

56. Particularly since being moved to Rensselaer County Jail, the Petitioner's complaints include increased fear, uncertainty, being moved hours away from her family and community supporters, more time locked in her cell, stomach aches and overall discomfort and worry.

57. During the past three years, the Petitioner has received no career training, academic courses, developmental assistance, social support, daily living skills, reading and writing assistance, or any form of adaptive behavioral assistance.

58. This complete lack of supportive services leads to severe risks of irreparable harm due to the Petitioner's social, mental, occupational and developmental regression.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### CONSTITUTIONAL CLAIM

59. Petitioner re-alleges and incorporates by reference paragraphs 1 – 58 above.

60. The continued detention of Ms. Hernandez violates her right to substantive and procedural due process guaranteed by the Fifth Amendment to the United State Constitution.

61. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V.

62. Constitutional claims may be made by aliens in pre-final order of removal detention where those claims have become prolonged and unreasonable. *See Jennings v Rodriguez*, 138 S. Ct. 830, 858-59 (2018), *see also Demore v Kim*, 538 U.S. 510, 533 (2003) (Kennedy, J., concurring, "Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons."

63. To justify Ms. Hernandez's ongoing prolonged detention, due process requires that the government establish that Ms. Hernandez's detention is justified by clear and convincing evidence of flight risk or danger, even after consideration whether alternatives to detention could sufficiently mitigate that risk.

64. Petitioner's prolonged, indefinite detention violates the Fifth Amendment by depriving her of liberty without due process of law. This Court should therefore order her release, with appropriate conditions of supervision if necessary.

65. The purpose of Ms. Hernandez's detention changed from civil to punitive, in violation of the Fifth Amendment to the U.S. Constitution because Ms. Hernandez is being deprived of liberty without due process of law.

## SECOND CAUSE OF ACTION
## STATUTORY VIOLATION

66. Petitioner re-alleges and incorporates by reference paragraphs 1 – 58 above.

67. Respondents' continued detention of Petitioner is unlawful and contravenes 8 USC § 1231(a), as interpreted by the Supreme Court in *Zadvydas v Davis*, 533 U.S. 678 (2001). Petitioner has not been removed and she continues to languish in detention.  She has been detained for over thirty-six (36) months, well over the presumptively reasonable period of six (6) months and the statutorily permitted ninety (90) day period for ordinary circumstances. Petitioner's removal to Mexico or any other country is not significantly likely to occur in the reasonably foreseeable future.  Accordingly, Respondents' continued detention of Petitioner is contrary to statute.

## THIRD CAUSE OF ACTION

68. Petitioner re-alleges and incorporates by reference paragraphs 1 – 58 above.

69. Pursuant to the foregoing, ICE has abused its discretion and/or failed to exercise its prosecutorial discretion in accordance with the Johnson Memo.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Hernandez prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Expedite consideration of this action pursuant to 28 U.S.C. § 1657 because it is an action brought under chapter 153 (habeas corpus) of Title 28;

(3) Pursuant to 28 USC § 2243 issue an order directing Respondents to show cause why the writ of habeas corpus should not be granted:

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Ms. Hernandez immediately, on her own recognizance, parole or reasonable conditions of supervision;

(5) In the alternative, conduct a bond hearing or remand to the Immigration Judge for a bond hearing at which (1) the government bears the burden of proving flight risk and dangerousness by clear and convincing evidence and (2) alternatives to detention that could mitigate flight risk are considered;

(6) In the alternative, hold that petitioner's detention is governed by 8 USC § 1226(a), entitling petitioner to a bond hearing upon request before an Immigration Judge; issuance of an Order to Show Cause for the Respondents to show cause;

(7) Award Ms. Hernandez reasonable costs and attorney's fees in this action as provided for by the Equal Access to Justice Act, 28 USC § 2412, and on any other basis justified under law; and

(8) Grant any other and further relief that this Court may deem fit and proper.

DATED: July 7, 2021
      Buffalo, New York

                                              Respectfully submitted,

                                              s/ Michael E. Marszalkowski
                                              Michael E. Marszalkowski, Esq.
                                              Attorney for Petitioner
                                              Serotte Law Firm
                                              370 Franklin Street
                                              Buffalo, New York 14202
                                              (716) 881-2600
                                              mmars@serottelaw.com

## VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF
## PURSUANT TO 28 USC §2242

I am submitting this verification on behalf of Petitioner because I am the Petitioner's attorney.  I have discussed with the Petitioner the events described in this Petition.  On the basis of those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: July 7, 2021                                          s/ Michael E. Marszalkowski
                                                                          Michael E. Marszalkowski Esq.
                                                                          Attorney for Petitioner