# EXHIBIT E

Petitioner's request to ICE,
Dated March 10, 2021



Michael Marszalkowski
Partner
T: 716.881.2600
F: +1716.884.0798
mmars@SerotteLaw.com

Admitted in New York

March 10, 2021

Via UPS and
Buffalo.Outreach@ice.dhs.gov

USDHS/ERO
Attn: Field Director
250 Delaware Avenue, 7th Floor
Buffalo, NY 14202

Dear Director:

    Re:    URGENT – MENTAL HEALTH CONDITION and
             REQUEST FOR RELEASE FROM DETENTION
             Abigail Hernandez Arellano, A214-088-660

    I make this urgent request for the humanitarian and discretionary release of my client, Abigail Hernandez, under the February 18, 2021 Memorandum of Acting ICE Director Tae Johnson. My Notice of Appearance on Form G-28 is on file. I attach another for your ease of reference.

    1. Abigail does not fall within any of the 3 Priority Categories.

    2. Abigail is severely Intellectually Disabled, with a Very Low IQ of 57. This puts her in the lowest 99.8% of the population. She has the intellectual capacity of an 8-10 year old. (see attached). Her indefinite unending detention raises serious Constitutional and Disability rights concerns.

    3. Abigail has been in ICE detention for nearly three years, since June 2018.

    4. Her Petition for Review at the Second Circuit Court of Appeals asylum case is ongoing.

    5. She as an ongoing Stay of Removal issued by the Second Circuit Court of Appeals (see attached).

    6. Abigail has been forced to move twice recently, due to Covid-19 outbreaks and protection concerns at the Batavia Detention Center. This forces her into a quarantine and isolated/solitary status. She also leaves from a detained setting to a jail. She has reported several upsetting incidents about how she is being treated at her current location of Rensselaer County Jail. (She has been kept in quarantine more than 14 days; she was not allowed to shower for 7 days).

7. Abigail's only conviction is for a Misdemeanor under NY Penal Law Section 240.50 for falsely reporting an incident in the third degree (see attached). She is not guilty of the charge allegations – only of the crime for which she was convicted. She made a baseless threat. She was incapable of carrying out any action. The sentencing Judge, the Probation Department and the County prosecutor agreed that Abigail should not go to jail and she was sentenced to probation. That is clear evidence from sworn, experienced professionals that Abigail was not considered a threat to the community.

8. Abigail has proven that she is rehabilitated and is not a threat based on her 3 years of model behavior and compliance while in criminal and immigration detention.

9. Abigail continues to have significant family and community support (see attached). She will return to her long-time family home in Rochester to live with her mother, step-father and younger brother.

Please respond as soon as possible to this urgent matter.

Very truly yours,

Michael E. Marszalkowski, Esq.

Encl.
cc: Carol Bridge, USICE Office of the Chief Counsel, Batavia, NY



# Notice of Entry of Appearance as Attorney or Accredited Representative

**Department of Homeland Security**

DHS
Form G-28
OMB No. 1615-0105
Expires 05/31/2021

## Part 1. Information About Attorney or Accredited Representative

1. USCIS Online Account Number (if any)
   ▶ [                    ]

### Name of Attorney or Accredited Representative

2.a. Family Name (Last Name): **Marszalkowski**
2.b. Given Name (First Name): **Michael**
2.c. Middle Name: **Edward**

### Address of Attorney or Accredited Representative

3.a. Street Number and Name: **370 Franklin Street**
3.b. ☐ Apt. ☐ Ste. ☐ Flr. [    ]
3.c. City or Town: **Buffalo**
3.d. State: **NY**   3.e. ZIP Code: **14202**
3.f. Province: [    ]
3.g. Postal Code: [    ]
3.h. Country: **USA**

### Contact Information of Attorney or Accredited Representative

4. Daytime Telephone Number: **7168812600**
5. Mobile Telephone Number (if any): [    ]
6. Email Address (if any): **mmars@serottelaw.com**
7. Fax Number (if any): [    ]

## Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

1.a. ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

Licensing Authority
**New York State**

1.b. Bar Number (if applicable)
**1912336**

1.c. I (select **only one** box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

1.d. Name of Law Firm or Organization (if applicable)
**Michael E Marszalkowski PC**

2.a. ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

2.b. Name of Recognized Organization
[    ]

2.c. Date of Accreditation (mm/dd/yyyy)
[    ]

3. ☐ I am associated with
[                                    ],
the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

4.a. ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements in 8 CFR 292.1(a)(2).

4.b. Name of Law Student or Law Graduate
[    ]

### Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

This appearance relates to immigration matters before (select **only one** box):

**1.a.** ☐ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

**2.a.** ☒ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

ALL REMOVAL BOND PAROLE VD

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)
▶

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):

☐ Applicant   ☐ Petitioner   ☐ Requestor
☐ Beneficiary/Derivative   ☒ Respondent (ICE, CBP)

### Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name): HERNANDEZ ARELLANO
**6.b.** Given Name (First Name): ABIGAIL
**6.c.** Middle Name:
**7.a.** Name of Entity (if applicable)
**7.b.** Title of Authorized Signatory for Entity (if applicable)
**8.** Client's USCIS Online Account Number (if any) ▶
**9.** Client's Alien Registration Number (A-Number) (if any) ▶ A-

### Client's Contact Information

**10.** Daytime Telephone Number
**11.** Mobile Telephone Number (if any)
**12.** Email Address (if any)

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name: 4250 FEDERAL DRIVE
**13.b.** ☐ Apt. ☐ Ste. ☐ Flr.
**13.c.** City or Town: BATAVIA
**13.d.** State: NY   **13.e.** ZIP Code: 14020
**13.f.** Province:
**13.g.** Postal Code:
**13.h.** Country: USA

### Part 4. Client's Consent to Representation and Signature

#### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

### Part 4. Client's Consent to Representation and Signature (continued)

#### *Options Regarding Receipt of USCIS Notices and Documents*

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

**1.a.** [X] I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** [X] I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

**NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** [ ] I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

#### *Signature of Client or Authorized Signatory for an Entity*

**2.a.** Signature of Client or Authorized Signatory for an Entity

➡  Abigail Hernandez

**2.b.** Date of Signature (mm/dd/yyyy)  10/26/2019

### Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1.a.** Signature of Attorney or Accredited Representative

**1.b.** Date of Signature (mm/dd/yyyy)  10/26/2019

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)

## Part 6. Additional Information

If you need extra space to provide any additional information within this form, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper. Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name (Last Name): HERNANDEZ ARELLANO
**1.b** Given Name (First Name): ABIGAIL
**1.c** Middle Name:

**2.a** Page Number   **2.b** Part Number   **2.c** Item Number
**2.d**

**3.a** Page Number   **3.b** Part Number   **3.c** Item Number
**3.d**

**4.a** Page Number   **4.b** Part Number   **4.c** Item Number
**4.d**

**5.a** Page Number   **5.b** Part Number   **5.c** Item Number
**5.d**

**6.a** Page Number   **6.b** Part Number   **6.c** Item Number
**6.d**

The defendant graduated from Edison High School on 6/22/18 with a Skill and Achievement Commencement Credential. The NYS Department of Education notes this credential is only available to student with severe disabilities.

School records were requested and received from the Rochester City School District on 6/18/18. Edison High School was contacted via telephone on 7/16/18, but the receptionist stated only clerical staff was in the building over the summer.

The defendant was classified as a Special Education student with the classification Intellectual Disability. She was enrolled in the Work Based Learning program at Unity Hospital in food service.

Special Education testing indicates the defendant has a Full Scale IQ of 57 (0.2 percentile) on the Wechsler Adult Intelligence Scale IV. Her scores on the Wechsler included the following: Perceptual Reasoning Index Score 60 (0.4 percentile), Processing Speed Index 62 (1 percentile), Verbal Comprehension Index 68 (2 percentile), and Working Memory Index (1 percentile).

Her Individualized Education Plan (IEP) noted she reads at a 5th grade level. She is able to write basic sentences, but struggles with basic capitalization and punctuation. She tested out at the mid-kindergarten level in math, and is only able to complete very basic addition and subtraction. Her IEP noted she is very friendly and social with peer and adults, and will help peers who are struggling. The defendant's IEP also indicated she is unable to read some social situations and has trouble understanding when people should be left alone. She has a hard time when corrected by an adult and accepting consequences for her own behavior. The IEP stated most of the time, she follows classroom and school rules and expectations. It further stated she needs clear, predictable limits and consequences for behavior. Overall, her IEP indicated she presents global delays in cognitive, perceptual, language, academic, and adaptive functioning which compromise her skill development and performance. Her annual goals included identifying and summarizing information in 4th grade level texts, solving word problems involving currency using the dollar and cents symbols, and riding the RTS bus independently. Her independent living skills area noted she will live at home with her mom.

She had two minor disciplinary infractions throughout her entire time in the District, the most recent of which was five years ago for not following directions (1 day in-school suspension). In 2011, she received one day of in-school suspension for using foul language.

When asked about employment, the defendant stated she has food service experience through her school program, which saw her work in the kitchen of the school and at Unity Hospital, primarily clearing dishes, washing tables, and assembling food trays. She stated she would someday like to work at Blue Cross Arena as an usher, become a WWE wrestler, and work at the SPCA. The defendant noted she feels bad for the abused animals when ASPCA commercials are broadcast, and wants to help them.

The defendant has never been a member of the military.

## Monroe County Office of Probation – Community Corrections
### Court Order for Investigation and Pre-Sentence Investigation Waiver

MONROE _____ COURT

SPECIFIC INSTRUCTIONS: **X** PSI ___ Waiver of PSI **X** Pre-Plea ___ Reorder ___ DWI Evaluation ___ JUST

___ YO Verification ___ Cert. Of Relief ___ NYSDOC ___ Victim Impact/Rest.

___ Sex Offender (Photo to be taken at Interview) ___ Interpreter Needed/Language _____

DEFENDANT: _____  _____  ____  _____
              Last                    First         M.I.  AKA

ADDRESS: _____ _____ _____ ___ _____
          Street                    City           State  Zip  Phone #

D.O.B. _____ S.S.#: _____ NYSID # _____ 501#: _____

SEX: ___ M  **X** F    RACE: ___ White ___ Black **X** Hispanic ___ Other _____

HON. _____  _____  _____
     Judge/Justice      District Attorney          Defense Attorney

SCI/IND. #: _____ Filed: _____ Arrn. Date: _____ Crime Date: _____

ATTACH DISPO MEMO/COPY OF INDICTMENT

Disposition Date: **6/27/18** Reporter at Disposition: **L Henderson** Disposition By: **X** Plea ___ Verdict

Convicted Of: **-AM - Falsely Report Incident 3  PL 240.50-01**

Custody Status: ___ Bail **X** Jail ___ ROR   Return Date _____

Released To: ___ ATI ___ Pre-Trial

Sentence Promise: **3 Y Probation**                              **7/19 Sentence**

Amount of: Fine $____ Surcharge $____ CVA $____ Restitution $____ Sex Off. $____ DNA $____

Defendant is active with: ___ ATI ___ DRC/Pre-Trial ___ Treatment Program: _____

Program Screens: ___ CSS ___ DRC ___ Home Confinement ___ ISP ___ MISP ___ DWI Weekend

After speaking with my attorney, permission is hereby given to release any confidential information regarding:

___ Drug/Alcohol Treatment (List) _____  ___ School (List) _____
___ Medical (List) _____                 ___ NYS Division of Parole
___ Psychiatric (List) _____             ___ Other (List) _____

SIGNATURES _____  _____  _____
           Defendant          Parent/Guardian   Witness

Defendant Instructed to report to Probation: ___ Immediately   **·** Await Contact

Completed By: _____  Date: _____

MONROE COUNTY OFFICE OF PROBATION – COMMUNITY CORRECTIONS, 33 N. FITZHUGH ST. ROCHESTER, NY 14614 – (585) 753-3674

## MONROE COUNTY CLERK

CPL Section 390.20                                                                 Revised 10/2011

43

(63)

## ORDER AND CONDITIONS OF ADULT PROBATION

### TO:   LARRY P. MATTLE, CHIEF PROBATION OFFICER
MONROE COUNTY OFFICE OF PROBATION - COMMUNITY CORRECTIONS

**NAME:** Abigail Hernandez  
**ADDRESS:** 31 Grafton St., Rochester, NY 14621  
**Probation Case No.:**  
**PIN:**  

**DATE OF BIRTH:**  

**Docket No:** I2018-0208  
**CJTN:** 68496752Q

Having been convicted of:

PL 240.50 01 A M 3 - Falsely Reporting A Crime/Catastrophe/Emergency-3rd Degree

is this day sentenced to probation for a period of _____ years(s) to expire on _____, unless terminated by the Court prior to the aforementioned date. While on probation, he/she is ORDERED to comply with the following conditions of probation and any others which the Court may impose at a later date, and to follow the instructions of the Probation Officer as to the way in which these conditions are to be carried out.

### CONDITIONS OF PROBATION

1. Report to a Probation Officer as directed by the Court or the Probation Officer and permit the Probation Officer to visit him/her at his/her place of abode or elsewhere.

2. Remain within Monroe County unless granted prior permission to leave by the Court or the Probation Officer.

3. Truthfully answer all reasonable inquiries by the Probation Officer and notify the Probation Officer PRIOR TO any change in address or employment.

4. Avoid injurious or vicious habits. Shall not violate any Federal, State, Local law, or Court Order. If arrested or have any contact with any law enforcement official, notify the Probation Officer within 24 hours or immediately upon release from custody.

5. Work faithfully at a suitable employment or faithfully pursue a course of study or vocational training that will equip him/her for suitable employment.



Abigail Hernandez					CCF-2018-19724					Page 2 of 3

## ORDER AND CONDITIONS OF ADULT PROBATION

OTHER CONDITIONS, CONTINUED:

1. Probationer is ordered to pay a fine of $ _____ to be paid through the Office of Probation - Community Corrections by the date of _____.

2. Probationer is ordered to pay a Court Mandatory Surcharge of $ _____ to be paid through the Office of Probation - Community Corrections by the date of _____.

3. Probationer shall abstain from using or possessing alcoholic beverages and other mood-altering drugs unless prescribed by a physician and taken in the prescribed dosage.

4. Probationer shall submit to any recognized tests that are available to determine the use of alcohol/drugs.

5. Probationer shall be prohibited from possessing a firearm, dangerous weapon, or noxious substance.

6. Probationer shall submit a DNA sample for inclusion in the NYS DNA Databank. The sample is to be provided within 30 days of sentencing or placement on interim supervision. Probationer shall submit a DNA sample for testing for the Convicted Offender Index, as mandated by the Executive Law §995(7) for the Designated Index, or provide a DNA sample for testing in the Subject Index as authorized by 9 NYCRR part 6192. Penal Law §60.35 (1)(a)(v) requires that there be levied at sentencing a $50 DNA databank fee upon every person convicted of an offense requiring submission of a DNA sample. The statute does not provide an exemption for offenders who previously paid the fee and/or supplied a DNA sample. There is no fee for DNA submission to the Subject Index. Youthful Offenders need not submit a DNA sample, nor do they pay the $50 DNA fee.

7. Probationer shall sign a waiver of confidentiality form allowing the disclosure of information about the conviction, program participation and treatment among Probation, counselors, physicians, the District Attorney and the Court.

8. Other condition(s)

Dated this _____ day of
_____, 2018

Hon. Vincent M. Dinolfo
Monroe County Court



Abigail Hernandez                                                              CCF-2018-19724

## LEGAL HISTORY

| DATE | CHARGE | COURT | DISPOSITION |
|---|---|---|---|
| **Present Offense** | | | |
| 2/20/18 | Making a Terroristic Threat 1st | Monroe County | 6/27/18 PG to Falsely Reporting an Incident 3rd, PSI ordered returnable for 7/19/18 |

1

| The Laws Of New York (/LEGISLATION/LAWS/ALL) / Consolidated Laws (/LEGISLATION/LAWS/CONSOLIDATED) / Penal (/LEGISLATION/LAWS/PEN) / Part 3: Specific Offenses (/LEGISLATION/LAWS/PEN/P3) / Title N: Offenses Against Public Order, Public Sensibilities And The Right To Privacy (/LEGISLATION/LAWS/PEN/P3TN) / Article 240: Offenses Against Public Order (/LEGISLATION/LAWS/PEN/P3TNA240) /

**PREV**
SECTION 240.48
Disseminating A False Registered Sex Offender Notice
(/Legislation/Laws/PEN/240.48/)

**NEXT**
SECTION 240.55
Falsely Reporting An Incident In The Second Degree
(/Legislation/Laws/PEN/240.55/)

# Section 240.50

Falsely reporting an incident in the third degree

Penal (PEN)

SHARE



A person is guilty of falsely reporting an incident in the third degree when, knowing the information reported, conveyed or circulated to be false or baseless, he or she:

1. Initiates or circulates a false report or warning of an alleged occurrence or impending occurrence of a crime, catastrophe or emergency under circumstances in which it is not unlikely that public alarm or inconvenience will result; or

2. Reports, by word or action, to an official or quasi-official agency or organization having the function of dealing with emergencies involving danger to life or property, an alleged occurrence or impending occurrence of a catastrophe or emergency which did not in fact occur or does not in fact exist; or

3. Gratuitously reports to a law enforcement officer or agency (a) the alleged occurrence of an offense or incident which did not in fact occur; or (b) an allegedly impending occurrence of an offense or incident which in fact is not about to occur; or (c) false information relating to an actual

offense or incident or to the alleged implication of some person therein; or

4. Reports, by word or action, an alleged occurrence or condition of child abuse or maltreatment or abuse or neglect of a vulnerable person which did not in fact occur or exist to:

(a) the statewide central register of child abuse and maltreatment, as defined in title six of article six of the social services law or the vulnerable persons' central register as defined in article eleven of such law, or

(b) any person required to report cases of suspected child abuse or maltreatment pursuant to subdivision one of section four hundred thirteen of the social services law or to report cases of suspected abuse or neglect of a vulnerable person pursuant to section four hundred ninety-one of such law, knowing that the person is required to report such cases, and with the intent that such an alleged occurrence be reported to the statewide central register or vulnerable persons' central register.

Falsely reporting an incident in the third degree is a class A misdemeanor.

**PREV**
SECTION 240.48
Disseminating A False Registered Sex Offender Notice (/Legislation/Laws/PEN/240.48/)

**NEXT**
SECTION 240.55
Falsely Reporting An Incident In The Second Degree (/Legislation/Laws/PEN/240.55/)

31 Grafton Street
Rochester, New York 14621
April 30, 2020

US ICE
Attention: Parole
4250 Federal Drive
Batavia, New York 14020

To Whom it May Concern:

I am the stepfather of Abigail Hernandez, the only father she has ever known as I have taken care of her since she was a young child. I live at 31 Grafton Street in Rochester, New York. Due to the current situation regarding the coronavirus pandemic, I am writing you to request that she be released from the Batavia Detention Center. Myself and our family are concerned for her health and wellness.

I will ensure that Abigail will be safe and secure in our home. I am an upstanding citizen who works extremely hard to provide for his family. Our family has been firmly planted in Rochester, NY, and I have been employed by our local public bus transportation company for 4 years. I am well-respected by my co-workers and members of the community. I can provide references of my character. My household is peaceful and loving toward one another and our community.

Abigail is a kind and compassionate person. She is a homebody and has never ventured far away from home. Rochester is our home; and our family's home is the only home she has ever known. I guarantee that she is not a flight risk. She enjoys being home. I have a team of notable community members who care greatly about Abigail and have agreed to help with her transition from the Batavia Detention facility. She will be productive and engaged in meaningful activities.

I am asking you to please release Abigail to my trusted care. I will adhere to all the rules and conditions you require, and I know Abigail will fully cooperate and comply as well. I take responsibility to ensure it.

I look forward to your positive response.

Thank You,

*Eufracio Flores*

Eufracio Flores

Washnis, Jonah

To whom it may concern;

As the Service Writer for the Regional Transit Authority & having known Eufracio Flores for the last three years, it is My observance that he is a diligent & capable employee who can be trusted to accomplish all assigned tasks in an efficient & competent manner. In My opinion, his daughter Abigail Hernandes could have no better home life than to be residing with her father & other family members to assist in any form of rehabilitation needed to aid this young woman in pursuing normal goals & dreams. I would ask that you take this into consideration as the court system contemplates the fate of this individual who has made a mistake & wishes to make amends. Thank you for your time & efforts regarding this matter.

Sincerely,

Jonah Washnis / Service Writer R.G.R.T.A.

*Jonah Washnis*

1



IN PARTNERSHIP WITH THE
UNIVERSITY OF ROCHESTER

Shaun C. Nelms, Ed.D
EPO - Superintendent
University of Rochester/EAST Partnership
1801 East Main Street
Rochester, NY 14609
(585) 324-3651
Shaun.Nelms@rcsdk12.org

May 6, 2020

To U.S. ICE Parole:

I write to you today in support of Abigail Hernandez. Two years ago, I also wrote a similar letter of support to the Monroe County Court; and now in retrospect of all that has transpired and been revealed since that time, I am even more adamant now that Abigail never intended to harm anyone and is not a danger nor threat to the community.

I am the superintendent of East High School, the school where the offensive Facebook comment was written. After thoroughly considering information pertinent to this case, I have reason to believe that Abigail was unaware of the nature and effect of her conduct but now understands its impact and genuinely regrets that momentary lapse in judgement. At East High School, we believe in restorative practices, focusing on repairing the harm done to others. We accept the fact that a mistake was made, and advocate for the restoration of Abigail Hernandez to her family and home. Because of this, and given current coronavirus outbreak at the Batavia Federal Detention Facility, I would ask that the Immigrations and Customs Enforcement agency release Abigail on humanitarian parole until her immigration appeal winds up.

Please feel free to contact me if you have any questions.

Sincerely,

Shaun C. Nelms, Ed.D.
EPO Superintendent
University of Rochester/EAST Partnership

SN/cw

*Our Mission: At EAST we are taking charge of our future by being tenacious, thinking purposefully, and advocating for self and others*

1105 E. Baars Street
Pensacola, FL 32503
May 5, 2020

USICE
Attn: Parole
4250 Federal Drive
Batavia, NY 14020

Dear USICE Parole Board,

I am writing to you in support of Abigail Hernandez's humanitarian parole release to her family home and community in Rochester, NY. I am a long-time, now retired, law enforcement executive who has served in the Rochester community.

Upon learning more about Abigail and her cognitive disabilities, it was evident she was a young person who made a mistake unaware of the alarm it would cause. For her mistake, she was convicted of a 3rd degree misdemeanor of falsely reporting an incident. On August 21, 2018, Monroe County Supreme Court Judge John Dinolfo sentenced her to time served and 3 years of probation, releasing her to return to her family home and community. The judge, prosecutors, probation officials, and defense lawyers all saw no need for her to serve any further jail time. She also received a tremendous amount of support attesting to her character from members of the Rochester City School District board, teachers, and many community members she has interacted with over the years.

One mistake does not define her life. Before this incident, she was actively involved in the community in many positive and constructive ways as a Special Olympian, volunteering with a community garden, recipient of a women's mentoring program, and more. She was a DACA recipient. The Monroe County probation report stated Abigail has never used drugs or alcohol and had no previous contact with police. As she awaited the completion of her criminal case in the Monroe County Jail, she had good behavior, no infractions, and she received a high school completion certificate for students with disabilities while in jail. She has also had good behavior during the two years she has been at the Batavia Federal Detention Center. From everything I have learned about Abigail Hernandez, I do not believe her to be a threat or danger to any community. I ask you to grant her a humanitarian release to her family home and supportive Rochester community as she awaits the conclusion of her immigration 2nd Circuit appellate case.

Regards,

Dr. Cedric L. Alexander
Retired Law Enforcement Executive